1.

FILED

IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

2008 FEB 29 PM 12:29

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN PROPRIA PERSONAM         Dated: Feb. 26/08

8:08-cv-00419-T-30TGW

SIDNEY ELLISON,                  Complaint
     Plaintiff,

V.                               Case No:

JOHN H. LOGAN, Individually      Civil Rights
And In His Official Capacity
As A Deputy Sheriff Of
The Florida Department of
Law Enforcement For
Pinellas County, Florida,
     Defendant.

---

The Plaintiff, Sidney Ellison, Alleges:

1. This Is A Civil Rights Complaint For Damages In Connection With The Unnecessary Use Of Force Upon Plaintiff by Defendant, John H. Logan, On March 18, 2006. The Unnecessary Use Of Force Used Upon Plaintiff by the Defendant, Violated The Plaintiff's Rights Under The Eighth And Fourteenth



Amendments to the United States Constitution.

## Jurisdiction

2. This is a civil action authorized by 42 U.S.C. Section 1983, to redress the deprivation under color of state law, of rights secured by the Constitution of the United States, with pendent state claims. The jurisdiction is based upon 28 U.S.C. Section 1331 and 1343. The court also has pendent jurisdiction over state law claims.

3. Sidney Ellison, a black man, is a state prisoner of Florida, currently incarcerated at Southbay Correctional Facility, located in Southbay, Florida. At all times relevant to this complaint, Plaintiff was in the lawful custody and control of Defendant, John H. Logan.

4. The Defendant, John H. Logan, a white man, is a Deputy Sheriff in Pinellas County, Florida, with (23) years of experience on the force.

5. At all times mentioned herein, Defendant Logan was acting under color of state law.

#

6. On March 18, 2006, the Defendant, acting on a warrant for Plaintiff's arrest, came to the Plaintiff's home, which is located at 4630 42nd Avenue, St. Petersburg, Florida - 33714, to arrest the Plaintiff.

7. When the Deputies arrived at the Plaintiff's home, Plaintiff was on his cellular phone talking with another party, and did not respond immediately when the Deputies knocked on his door.

8. Moments later, several Sheriff Deputies entered the Plaintiff's home and the Defendant, John H. Logan, ordered the Plaintiff to get off the phone and lay face down on the floor, with both hands outstretched above Plaintiff's head.

9. In compliance with Deputy Logan's order, Plaintiff put down the phone, got down on the floor with his hands outstretched above his head as ordered by Deputy Logan, the Defendant in this cause of action.

10. The Plaintiff, while laying face down on the floor with both of his hands out-

stretched above his head, offered no resistance to being handcuffed by Deputy Logan or any of the other Deputies who were present in the room at the time. However,

11. Deputy Logan, the Defendant in this cause of action, who was standing at the very tip of the Plaintiff's finger tips, jumped from where he stood into the air, and came down feet first on the Plaintiff's back. He then purposely jumped from Plaintiff's back to Plaintiff's buttocks before steping on the floor, a distance of about three and a half (3½) feet.

12. When the Plaintiff screamed out in obvious pain, and started to protest, a voice from amoung the other Deputies who were present there in the room, said,[ Shut up you Fucking Niggar], and immediately, several Deputies started kicking and stomping the Plaintiff on his hips, thighs, buttocks, and back.

13. After the Plaintiff had been handcuffed, and ordered to get on his feet, the Plaintiff complained to Deputy Logan about not being

able to feel his, [Plaintiff's Legs]. Once again the Plaintiff, Sidney Ellison, was addressed as [Niggar], and ordered to shut up. The Plaintiff was then dragged by several Deputies, out of the house to the Deputy Crusier and secured inside same.

14. As a proximate result of the actions of Defendant, John H. Logan, and other law enforcement Deputies in the Pinellas County Sheriff's Department, who assisted Deputy Logan in arresting the Plaintiff, "The Plaintiff, Sidney Ellison, suffered nerve damage to his sciatica nerve," hip damage; cracked vertebras in his spinal column in his back, and can no longer walk, stand, or sit comfortably without severe pain, and has to rely on crutches or a wheel chair in order to travel more than a short distance. The Plaintiff continues to recieve medication [Naproxen] for pain, but no other medical treatment for the injuries inflicted upon him by Deputy Logan, the Defendant in this cause of action and other law enforcement Deputies of the Pinellas County Sheriff's Department.

15. The actions of Defendant Logan and

Other Deputies of The Pinellas County Sheriff's Department were Wanton And Without Justification. The Defendant's Acts were done Intentionally In Violation of, or with deliberate or reckless Indifference To, Plaintiff's Constitutional Rights.

16. On or About August 1, 2006, Plaintiff Filed A Request/Complaint To D.I.U., Asking to Speak To Some-one From Internal Affairs Concerning The Pinellas County Deputies Actions during Plaintiff's Arrest On March 18, 2006, And The Injuries The Plaintiff had Suffered At the Hands of Said Deputy Sheriff's.

17. Subsequently, Officials From Internal Affairs Conducted An Interview With The Petitioner, during which, the Plaintiff was Informed by the Internal Affairs Officials, that they was Fully Aware of All that had transpired Concerning The Plaintiff's Arrest And That An Investigation Was Under Way And In Progress.

18. On September 7, 2006, The Plaintiff was Informed by Letter, From A Mr.

Michael Armsheimer, Sergeant Administrative Investigation Division, that an investigation had been conducted by the Pineallas County Sheriff's Office Inspections Bureau and that there was insufficient reason in the Plaintiff's case, to bring about disciplinary action against the accused member, the Defendant in this cause of action.

## First Claim For Relief

19. Plaintiff alleges and incorporates herein by reference each and every allegation of paragraph 1 through 18.

20. The unjustified and unnecessary jumping on, stomping on, and kicking on, and of the Plaintiff on March 18, 2006, violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution in that the acts of the Defendant and other Deputies, constituted cruel and unusual punishment.

## Second Claim For Relief

21. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 20.

22. The unjustified and unnecessary jumping on, stomping on, and kicking on, and of the Plaintiff on March 18, 2006, violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## Third Claim For Relief

23. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 22.

24. The unjustified and unnecessary jumping on, stomping on, and kicking on, and of the Plaintiff on March 18, 2006, constituted an intentional assault and battery, prohibited by Florida state law.

9.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Prays For Relief as Follow:

1. For Compensatory Damages In the Amount of Four Hundred Thousand ($400,000.00) dollars.

2. For Punitive damages In An Amount Of Eight Hundred Thousand ($800,000.00) dollars

3. For Costs and Reasonable Attorney Fees Pursuant To 42 U.S.C. Section 1988.

4. For Such Further Relief As The Court deems Proper And Just

Dated: 2/26/08.   *Sidney* #649853
Sidney Ellison - DC. 649853

## Demand For Jury Trial

Plaintiff, Sidney Ellison, Hereby Demands Trial by Jury.

Dated: 2/26/08   *Sidney* #649853
Sidney Ellison DC. 649853
South Bay Correctional Facility
P.O. Box #7171
South Bay, Florida 33493