UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIDNEY ELLISON,

    Plaintiff,

v.                                                    Case No. 8:08-CV-419-T-30TGW

JOHN H. LOGAN,

    Defendant.
_____/

## ORDER

Plaintiff, a prisoner incarcerated at South Bay Correctional Facility who is proceeding *pro se*,[1] initiated this action on February 26, 2008, by filing a civil rights complaint in which he claims Defendant used unnecessary and excessive force on him. (Dkt. 1). He has also filed a motion to proceed *in forma pauperis* (Dkt. 2), a motion for appointment of counsel (Dkt. 3), and an affidavit in support of both these motions (Dkt. 4).

This district has determined that the use of a prescribed form for civil rights complaints benefits both the Court and the plaintiff in terms of accuracy, time-savings, and administrative convenience. Courts that have a large volume of civil rights actions, as does this Court, save valuable time if they are not required to decipher lengthy and often illegible and/or incomplete petitions. This savings is lost when, as here, the Plaintiff fails to use the form. Therefore, in light of the administrative benefits to the Court derived from its use, Plaintiff must file an amended complaint

---

[1] Plaintiff is cautioned that although you are appearing *pro se*, you are required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. Failure to do so could result in sanctions, including dismissal of your claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $4.60 postage affixed thereto. The Local Rules measure 8 ½" x 11" x ½". A copy of the Local Rules may be found in the institution's law library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164.

using the prescribed form.

Plaintiff is cautioned that an amended complaint completely *supersedes* the original complaint. Once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended document. See Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the Federal rules supercedes the original complaint).

Plaintiff in this action seeks to proceed without the payment of filing fees and costs. However, Plaintiff has not submitted a properly completed *in forma pauperis* affidavit. Therefore, at this time the Court is precluded from granting Plaintiff's motion to proceed *in forma pauperis*.

Finally, the United States Supreme Court has stated that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 is civil in nature and does not affect a plaintiff's physical liberty. Anyone has the constitutional right to hire his own lawyer, but, generally speaking, no right to counsel exists in cases filed under § 1983. See Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); see also Mekdeci By & Through Mekdeci v. Merrell Nat'l. Laboratories, 711 F.2d 1510, 1522 (11th Cir. 1983); Thomas v. Estelle, 603 F.2d 488, 489 (5th Cir. 1979). Other circuits are in agreement. See Watson v. Moss, 619 F.2d 775 (8th Cir. 1980); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980); McBride v. Soos, 594 F.2d 610 (7th Cir. 1979); Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969). The constitutional rights of an accused in a criminal proceeding differ substantially from those of a plaintiff in a civil action. The stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Rule 44, Fed. R. Crim. P., do not apply to civil proceedings. See United States v.

Rogers, 534 F.2d 1134 (5th Cir.), cert. denied, 429 U.S. 940 (1976).[2]

While an indigent litigant has no right to appointed counsel when his physical liberty is not implicated, the "fundamental fairness" requirement of the due process clause of the Fourteenth Amendment of the United States Constitution may mandate appointment of counsel in exceptional cases. Lassiter, 452 U.S. at 31. When exceptional circumstances are present, the Court has the discretion under 28 U.S.C. § 1915(d)[3] to request an attorney to represent a litigant proceeding *in forma pauperis*. A finding of exceptional circumstances depends upon assessment of two basic factors: (1) The type and complexity of the case; and (2) the abilities of the individual bringing it. See Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). See also Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) and Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

In the present case, the Court finds no exceptional circumstances at this juncture necessitating appointment of counsel and will therefore deny Plaintiff's motion for appointment of counsel. See Schack v. Florida, 391 F.2d 593, 595 (5th Cir. 1968), cert. denied, 392 U.S. 916 (1968). The Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. See Branch v. Cole, 686 F.2d at 266. This is not a complex case and does not raise any new or novel issues or facts. See Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519 (1972). A complaint filed *pro se* will not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Scheuer v. Rhodes, 416 U.S. 232 (1974).

---

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this court, unless reversed by this court sitting en banc. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[3] Section 1915(d) does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989).

3

This Court is liberal in reviewing *pro se* complaints filed under Section 1983, giving individuals ample opportunity to amend their complaints if necessary, and granting generous extensions of time to comply with court orders. Moreover, prison inmates have access to law libraries and inmate law clerks as part of their constitutionally guaranteed right of access to the courts. See Bounds v. Smith, 430 U.S. 817 (1977): Hooks v. Wainwright, 578 F.2d 1102, 1103 (5th Cir. 1978).

Consequently, the Court's liberal construction of *pro se* Section 1983 complaints, coupled with resources available to Plaintiff and his apparent ability to litigate this action *pro se*, convinces the Court that the appointment of counsel is not necessary in this case at this time. The Court will reconsider Plaintiff's request if it should later appear to be in the interest of justice to appoint counsel.

ACCORDINGLY, it is **ORDERED** that:

1. The **Clerk of Court** shall mail a copy of the civil rights complaint form to Plaintiff with his copy of this order.

2. Plaintiff shall, within **THIRTY (30) DAYS** from the date of this order, file an Amended Complaint on the civil rights complaint form enclosed with this order. Plaintiff should fill out the complaint form completely and mark it **"Amended Complaint."** The Amended Complaint must include all of Plaintiff's claims in this action, and it should not refer back to the original complaint. After completing the form, Plaintiff should mail it to the Court with a copy for each Defendant.

3. Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is **DENIED** without prejudice to submit a properly completed *in forma pauperis* affidavit.

4. The **Clerk of Court** shall send Petitioner an Affidavit of Indigency form.

5. Plaintiff shall either pay the required $350.00 filing fee or **complete and return** the affidavit form to the Clerk of Court within **THIRTY (30) DAYS** of the date of this order.

6. Plaintiff's motion for appointment of counsel (Dkt. 3) is **DENIED** without prejudice.

7. Failure to comply with this order within the allotted time will result in the <u>dismissal</u> of this action without further notice.

*[signature]*

THOMAS G. WILSON
United States Magistrate Judge

SA:sfc

Copy to: Plaintiff *pro se*