**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SIDNEY ELLISON**

    **Plaintiff,**

v.                                            **Case No.: 8:08-CV-419-T-30TGW**

**JOHN H. LOGAN,**

    **Defendant.**
_____/

**DEFENDANT'S MOTION TO STRIKE AFFIDAVITS
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, JOHN H. LOGAN (hereinafter referred to as "Defendant"), by and through his undersigned counsel hereby moves to strike the "Affidavit of Sidney Ellison" (Doc. 43) filed March 23, 2009 and the "Amended Affidavit of Sidney Ellison" (Doc. 44) filed on April 3, 2009 by Plaintiff Sidney Ellison ("Plaintiff") in opposition to Defendant's Motion for Summary Judgment.

**I.**

**MEMORANDUM OF LAW**

    A.  BACKGROUND

Defendant filed his Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure on March 2, 2009.  On March 23, 2009, Plaintiff filed a document titled "Affidavit of Sidney Ellison" in opposition to Defendant's motion on March 23, 2009.

Defendant filed a largely similar "Amended Affidavit of Sidney Ellison" along with several pages of a transcript on April 3, 2009.[1]

### B. STANDARD OF REVIEW

Rule 56(e)(1) of the Federal Rules of Civil Procedure states specific requirements for such affidavits made in opposition to a motion for summary judgment. The affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *Id*. This section also requires that, "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." *Id*.

It is well-settled within this district that "[a]ffidavits filed in opposition to a motion for summary judgment, which do not comply with Rule 56(e) of the Federal Rules of Civil Procedure, are subject to a motion to strike." *Johnson v. Scotty's, Inc*. 119 F.Supp.2d 1276, 1281 (M.D. Fla. 2000) (citing *Hughes v. Amerada Hess Corporation*, 187 F.R.D. 682, 684-685 (M.D. Fla. 1999)). Upon such a motion made pursuant to Rule 56(e), "[a]n affidavit must be stricken if it is a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge." *Johnson*, 119 F.Supp.2d at 1281; *Hughes*, 187 F.R.D. at 686 (portions of Plaintiff's affidavit which are unsupported by personal knowledge should be stricken"). Similarly, hearsay statements in affidavits opposing summary judgment should not be considered when ruling on a motion for summary judgment absent a showing of admissibility. *Johnson*, 119 F.Supp.2d at 1281; *Hughes*, 187 F.R.D. at 687-688.

---

[1] In addition to Defendant's objections as to the content of the affidavits, they are also objected to as being untimely since Defendant's motion was filed on March 2, 2009 and a response was required on or before March 17, 2009. (*See* Fed. R. Civ. P. Rule 6, Advisory Committee Notes to 2005 Amendments)

## II.

## ARGUMENT

The Plaintiff's Affidavit is rife with averments that do not comply with the explicit requirements of Rule 56(e). The Defendant objects to the consideration of those portions of Plaintiff's Affidavit/Amended Affidavit by the Court in ruling upon Defendant's Motion for Summary Judgment, and would request that the objected to portions be ordered stricken.[2]

Paragraph No. 11 of Plaintiff's affidavit(s) he testifies that "as a proximate results (sic) the actions of Defendant Logan and the other Law Enforcement Deputies" that Plaintiff suffered injuries. This is not a statement of fact by Plaintiff based on personal knowledge, nor is there any affirmative indication that Plaintiff is competent to testify as to the medical conclusions of the existence of an injury and its proximate cause. This paragraph is a restatement of an allegation contained in Plaintiff's original pleadings that is conclusory argument, unsupported by any competent testimony or admissible evidence.

In Paragraph No. 12, the Plaintiff has averred that "the actions of Defendant Logan and other Deputies of the Pinellas County Sheriff's Department was wonton (sic) and without justification." This statement is not a statement of fact based on personal knowledge, it is a conclusory argument. Similarly, in Paragraph No. 13 Plaintiff has sworn that "Defendant's acts were done intentionally in violation of and with deliberate reckless indifference to Plaintiff's

---

[2] A slight discrepancy exists between the numbering of the paragraphs of Plaintiff's affidavits due to a numbering error in the original affidavit. All references in this motion are made with respect to the numbering of the second affidavit. However, Defendant seeks that the objectionable statements be stricken from each affidavit if the affidavits are not stricken in their entirety.

constitutional rights." which is clearly a conclusory argument and inappropriate content for an affidavit.

The fourth and final sentence of Paragraph No. 15, and the entirety of Paragraph Nos. 16, 17 and 18, set forth medical diagnoses and injuries which Plaintiff has alleged that he suffered. Plaintiff has not included any specialized training or education which he possesses that would allow him to competently testify regarding the medical diagnosis and treatment of injuries. There is no other showing of admissibility within the affidavits.

Paragraph Nos. 20 and 21 are inadmissible hearsay, save for the first sentence of Paragraph No. 20.  There is no showing of a basis that would support a conclusion that these statements would be admissible evidence.

Paragraph Nos. 30 and 31 each refer to portions of a deposition of Defendant Logan taken during the state court prosecution of Plaintiff.  Plaintiff has summarized Defendant's testimony in his affidavit and attached an incomplete transcript.  Neither a sworn or certified copy of the deposition was attached to or served with the affidavit as required by Rule 56(e)(1).

Paragraph No. 35 gives Plaintiff's opinion about how Defendant Logan should have gone about properly handcuffing Plaintiff.  This paragraph is objectionable because it is a conclusory argument and further, Plaintiff has not set forth any specialized training or knowledge in his affidavit that would demonstrate a basis to conclude that he is competent to testify as to reasonable and acceptable methods for safely handcuffing suspects.

Paragraph Nos. 36, 37 and 38 are solely comprised of conclusory legal argument and do not contain any statements of fact appropriately sworn to in an affidavit.

## **CONCLUSION**

Plaintiff has responded to Defendant's Motion for Summary Judgment with an affidavit that fails to comport with Rule 56(e) of the Federal Rules of Civil Procedure. Plaintiff may not properly create an issue of fact by combining mixture of conclusory arguments and hearsay to which he cannot competently testify, rather than the required affidavit made on personal knowledge, setting out facts admissible in evidence accompanied by properly authenticated documents which shows a genuine issue for trial. Therefore Defendant requests that the Court strike the entirety of Plaintiff's untimely Affidavit and Amended Affidavit, or in the alternative the objectionable portions thereof.

## **Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), counsel for Defendant certifies that he has contacted Plaintiff and conferred by phone in a good faith effort to resolve the issues raised by this motion. However the parties were unable to agree on the resolution of this motion at that time and because Defendant has been unable to re-establish contact with Plaintiff this motion is being filed in order to avoid undue delay or prejudice to Defendant's right to object to Plaintiff's filings.

Counsel for Defendant will continue to attempt to contact Plaintiff expeditiously after the filing of this motion and will supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

Respectfully Submitted,

/s/Sherwood S. Coleman
Sherwood S. Coleman
Florida Bar No. 0022632
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, FL  33778
Telephone: (727) 582-6274
Telecopier: (727) 582-6459
scoleman@pcsonet.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 10, 2009, I electronically filed the foregoing, and with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing documents and the notice of electronic filing by United States mail to the following non-CM/ECF participant:  Plaintiff, SIDNEY LEE ELLISON, *pro se*, South Bay Correctional Facility, P.O. Box 7171, South Bay, Florida  33493.

/s/ Sherwood S. Coleman
**Attorney**