UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIDNEY ELLISON,

   Plaintiff,

v.                                                                Case No. 8:08-CV-419-T-30TGW

JOHN H. LOGAN,

   Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Strike Affidavits in Opposition to Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (hereinafter "motion to strike") (Dkt. 45). Defendant moves to strike Plaintiff's affidavits, or in the alternative, portions of Plaintiff's affidavits (See Dkts. 43,44), filed in opposition to Defendant's motion for summary judgment. Plaintiff has not filed a response to Defendant's motion to strike.[1] After considering the motion to strike and reviewing the law, the Court concludes that the motion to strike will be granted in part and denied in part.

---

[1] "Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested. No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court." Local Rule 3.01(b) (M.D. Fla. 2004).

DISCUSSION

Defendant seeks an order striking all or portions of paragraphs 11, 12, 13, 15, 16, 17, 18, 20, 21, 30, 31, 35, 36, 37, and 38 of Plaintiff's Amended Affidavit.[2]

**Paragraphs 11, 12, 13**

According to Defendant, the Court should strike paragraphs 11, 12, and 13 of the Amended Affidavit because they contain conclusory arguments instead of statements of fact. Affidavits offered in opposition to a motion for summary judgment are governed by the requirements of Rule 56, Federal Rules of Civil Procedure, which provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible into evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). A statement in an affidavit must be stricken "if it is a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge." *Johnson v. Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1281 (M.D. Fla. 2000). Paragraphs 12 and 13 are conclusory arguments rather than statements of fact. Accordingly, the Court will strike paragraphs 12 and 13 from Plaintiff's Amended Affidavit.

In paragraph 11 of his Amended Affidavit, Plaintiff essentially asserts that as a result of Defendant's and the other officers' use of force, Plaintiff sustained nerve damage, a hip injury, and broken vertebrae, and as a result of his injuries, he experiences pain and needs

---

[2] On March 23, 2009, Plaintiff filed his Affidavit in opposition to Defendant's Motion for Summary Judgment (Dkt. 43). However, on April 3, 2009, Plaintiff filed an Amended Affidavit (Dkt. 44). Accordingly, the Court finds that Plaintiff's Amended Affidavit supercedes his Affidavit, and therefore the Court will consider only the averments set forth in Plaintiff's Amended Affidavit.

2

crutches, a wheelchair, and pain medication. The Court finds that this statement is not a conclusory argument, but based upon information personally known to Plaintiff. Consequently, paragraph 11 will not be stricken from the Amended Affidavit.

**Paragraphs 15, 16, 17, 18**

Defendant next asks the Court to strike the last sentence of paragraph 15, and the entirety of paragraphs 16, 17, and 18 on the grounds that Plaintiff is not qualified to testify regarding the medical diagnosis and treatment of his injuries. The Court finds that paragraphs 16, 17, and 18 are based upon information personally known to Plaintiff, i.e., that he was referred to medical facilities where he received diagnostic testing and medication and therapy for his injuries. Accordingly, paragraphs 16, 17, and 18 will not be stricken from the Amended Affidavit.

The final sentence of paragraph 15, however, which states in pertinent part that a doctor "determined from the medial reports and x-rays, that I had suffered nerve damage to my sciatica [sic] nerve, hip damage and cracked vertebras in my spinal column in my back" is hearsay. As a general rule, "inadmissible hearsay cannot be considered on a motion for summary judgment." *Mucaba v. DeBoer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999). Under the Federal Rules of Evidence, hearsay is "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The final sentence of paragraph 15 is hearsay because it is an out-of-court statement being offered to prove that Plaintiff suffered nerve damage, a hip injury, and cracked vertebrae. Accordingly, the Court will strike from consideration the

inadmissible hearsay set forth in the final sentence of paragraph 15 of Plaintiff's Amended Affidavit.

**Paragraphs 20 and 21**

Defendant moves the Court to strike the final sentence of paragraph 20, and all of paragraph 21 on the grounds that they contain inadmissable hearsay. The Court will strike both paragraphs 20 and 21 of Plaintiff's Amended Affidavit in their entirety as they contain inadmissable hearsay or set out facts that would not be admissible into evidence.

**Paragraphs 30 and 31**

Defendant asks the Court to strike paragraphs 30 and 31 of Plaintiff's Amended Affidavit because Plaintiff failed to attach a sworn or certified copy of Defendant's deposition to his affidavit as required by Rule 56(e)(1). 56(e)(1) states

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

In paragraphs 30 and 31 of his Amended Affidavit, Plaintiff refers to the deposition testimony of Defendant. Plaintiff did not, however, attach to his affidavit, or serve with his affidavit, a sworn or certified copy of Defendant's deposition as required by 56(e)(1). Accordingly, the Court will strike both paragraphs 30 and 31 from Plaintiff's Amended Affidavit.

**Paragraphs 35, 36, 37 and 38**

Defendant asks the Court to strike paragraphs 35, 36, 37 and 38 of Plaintiff's Amended Affidavit because they are comprised of conclusory arguments rather than statements of fact. Moreover, Defendant finds paragraph 35 objectionable because Plaintiff has not set forth any specialized training or knowledge in his affidavit that would show a basis to conclude that he is competent to testify as to reasonable and acceptable methods for safely handcuffing suspects.

Paragraphs 36, 37, and 38 solely consist of legal argument. Pursuant to Rule 56, affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper. *See, e.g.*, *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). Accordingly, the Court will strike paragraphs 36, 37, and 38 from Plaintiff's Amended Affidavit.

As to paragraph 35, because Plaintiff does not set out facts that show he is competent to testify as to safe handcuffing procedures or techniques, paragraph 35 must be stricken.

ACCORDINGLY, the Court **ORDERS** that Defendant's Motion to Strike Affidavits in Opposition to Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. 45) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court:

1. **STRIKES** paragraphs 12, 13, 20, 21, 30, 31, 35, 36, 37, and 38 of Plaintiff's Amended Affidavit in their entirety;

2. **STRIKES** the last sentence of paragraph 15 of Plaintiff's Amended Affidavit;

3. **DECLINES** to strike paragraphs 11, 16, 17, and 18 of Plaintiff's Amended Affidavit.

**DONE** and **ORDERED** in Tampa, Florida on May 14, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copies furnished to</u>:
Plaintiff *pro se*
Counsel of Record